IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00033-F-1
No. 5:16-CV-00364-F

| | | |
|---|---|---|
| MICHAEL JERMAINE McDOWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-85] Michael Jermaine McDowell's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-78]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and McDowell's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On February 3, 2015, McDowell was charged in a single-count indictment with conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *See* Indictment [DE-1]. At his arraignment, held on November 2, 2015, McDowell pled guilty to the Indictment pursuant to a written plea agreement [DE-51].

McDowell's sentencing was held on February 17, 2016, and he was sentenced to 262 months' imprisonment. *See* Judgment [DE-71]. McDowell did not file a direct appeal.

On June 10, 2016, McDowell filed the instant *pro se* Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-78]. In his § 2255 motion, McDowell raises the following claims of ineffective assistance of counsel: (1) his attorney failed to file a motion to dismiss the indictment; (2) his attorney advised him to plead guilty to an improper drug quantity; (3) his attorney failed to object when the court allowed an officer to testify in violation of his Sixth Amendment rights; (4) his attorney failed to object to the application of the four-level leadership enhancement under U.S.S.G. § 3B1.1(a); (5) his attorney failed to object to the use of post-arrest statements made at sentencing; and (6) his attorney failed to object to statements made by non-testifying informants. On August 23, 2016, the Government filed a Motion to Dismiss [DE-85], arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because McDowell has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's

2

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. Motion to Vacate

**1. McDowell has failed to state a claim of ineffective assistance of counsel.**

McDowell has raised six claims of ineffective assistance of counsel in his § 2255 motion. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."

3

*Id.* With the *Strickland* standard in mind, the court will address each of McDowell's ineffective assistance of counsel claims.

### a. McDowell alleges that his attorney provided ineffective assistance when he failed to file a motion to dismiss the Indictment.

In his first claim, McDowell alleges that his attorney provided ineffective assistance by failing to file a motion to dismiss the Indictment. Mot. Vacate [DE 78-1] at 4-7. McDowell contends that the Indictment was defective because it fails to state a beginning date of the conspiracy, and the end date was based on conduct of an alleged co-conspirator. *Id.* at 5. According to McDowell, if his attorney had moved to dismiss the Indictment, the court would have been forced to allow the motion. *Id.* at 7.

McDowell's argument is without merit. The Fourth Circuit Court of Appeals has held that "[w]here a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." *United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994) (quoting *United States v. Morris*, 700 F.2d 427, 429 (1st Cir. 1983)). Rather, an indictment is deemed legally sufficient if it alleges the essential elements of the crime with which the defendant is charged in a manner that allows the defendant to prepare a defense and avoid double jeopardy. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

In this case, a particular date was not a substantive element of the crime charged. Moreover, the Indictment contained all the essential elements of the drug conspiracy. Consequently, McDowell's first claim will be dismissed.

### b. McDowell alleges that his attorney provided ineffective assistance when he advised him to stipulate to the drug quantity contained in the plea agreement.

McDowell alleges in his second claim that his attorney provided ineffective assistance

4

when he advised him to stipulate to the drug quantity contained in the plea agreement. Mot. Vacate [DE-78-1] at 7-10. McDowell contends that his attorney told him that the court could take the quantity he actually possessed, 70 grams, and add it to the quantities contained in the statements of his alleged co-conspirators. *Id.* at 8. McDowell concludes that if his attorney had not advised him to enter a guilty plea to an improper drug quantity, he would have proceeded to trial. *Id.* at 10.

U.S. Probation determined that McDowell was accountable for the possession and/or distribution of 19.1 kilograms of heroin and 907.2 grams of marijuana. *See* PSR [DE-59] at 5, ¶ 8. McDowell's attorney negotiated with the Government and secured a plea agreement that capped McDowell's relevant conduct at less than ten kilograms of heroin. *See* Plea Agreement [DE-51] at 7-8. At sentencing, the Government explained that a conservative view of the evidence resulted in the ten-kilogram cap contained in the plea agreement. *See* Feb. 17, 2016 Tr. [DE-77] at 8.

This claim fails under the second prong of *Strickland* because McDowell has not sufficiently alleged prejudice. Given the weight of the evidence in this case from cooperating sources, drug seizures, cooperating witnesses, and unprotected statements made by McDowell and his codefendant, Murphy Glenn Griffin, Jr., if McDowell had gone to trial, it is highly unlikely the outcome would have been as positive as McDowell possessing only seventy grams of heroin, as he has alleged. Because McDowell has made an insufficient showing on the prejudice prong, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

5

Accordingly, McDowell's second claim will be dismissed.

### c. McDowell alleges that his attorney provided ineffective assistance by failing to object to the officer's testimony.

In his third claim, McDowell alleges that his attorney provided ineffective assistance when he failed to object to the court allowing an officer to testify about documents he did not prepare and conduct he did not witness, all in violation of McDowell's right to confrontation under the Sixth Amendment. Mot. Vacate [DE-78-1] at 10-13. McDowell concludes that if his attorney had properly objected, the evidence used to deny him of his freedom would have been deemed inadmissible, and the charges against him would have been dismissed. *Id.* at 12.

McDowell did not elect to proceed to trial; thus, it seems he is challenging hearsay statements made at sentencing. McDowell's Confrontation Clause claim is foreclosed by controlling authority. In *United States v. Powell*, 650 F.3d 388 (4th Cir. 2011), the Fourth Circuit Court of Appeals was presented with a similar argument. The Fourth Circuit noted that the defendant's Confrontation Clause argument ignored the fundamental differences between trial and sentencing. *Id.* at 391. For instance, a sentencing judge must have access to a broader array of information than the trier of fact considering a defendant's guilt. *Id.* at 392. The Fourth Circuit ultimately held that the Confrontation Clause does not apply at sentencing. *Id.* at 393.

Because the Confrontation Clause does not apply at sentencing, McDowell's attorney did not provide deficient performance by failing to object on that basis. Moreover, McDowell has failed to sufficiently allege prejudice because any objection at sentencing based on the Confrontation Clause would have failed. For these reasons, McDowell's third claim will be dismissed.

6

**d. McDowell alleges that his attorney failed to adequately object to the application of the leadership role enhancement pursuant to U.S.S.G. § 3B1.1(a).**

McDowell alleges in his fourth claim that his attorney failed to make an "adequate" objection to the application of the four-level enhancement for a leadership role pursuant to U.S.S.G. § 3B1.1(a). Mot. Vacate [DE-78-1] at 13-15. Specifically, McDowell contends that his attorney neglected to provide supporting authority from the Fourth Circuit. *Id.* at 14.

Assuming, arguendo, that McDowell could show that his attorney's failure to cite Fourth Circuit authority was somehow deficient performance, he has not sufficiently alleged prejudice. A review of the record reveals that McDowell's attorney objected to U.S. Probation's finding that a four-level enhancement for an aggravating role was warranted. *See* PSR Addendum [DE-59] at 18. Also, at McDowell's sentencing hearing, his attorney pursed the aggravating role objection at length. *See* Feb. 17, 2016 Tr. [DE-77] at 9-12. Accordingly, McDowell's fourth claim will be dismissed.

**e. McDowell alleges that his attorney provided ineffective assistance by failing to object to the use of post-arrest statements during sentencing.**

In McDowell's fifth claim he alleges that his attorney provided ineffective assistance by failing to object to the use of post-arrest statements used during sentencing. Mot. Vacate [DE-78-1] at 15-16. McDowell concludes that he was prejudiced because he was subjected to a much greater sentence. *Id.* at 15.

McDowell is challenging hearsay statements made during his sentencing hearing. McDowell's Confrontation Clause claim, however, is foreclosed by controlling authority. *See Powell*, 650 F.3d at 393 (holding that the Confrontation Clause does not apply at sentencing). Because an objection from McDowell's attorney would have been overruled, McDowell has

failed to sufficiently allege prejudice. Consequently, McDowell's fifth claim will be dismissed.

**f. McDowell alleges that his attorney provided ineffective assistance by failing to object to the use of statements from non-testifying informants, witnesses, and co-conspirators.**

McDowell alleges in his sixth claim that his attorney provided ineffective assistance by failing to object to the use of statements from non-testifying informants, witnesses, and co-conspirators. Mot. Vacate [DE-78-1] at 16-18. McDowell concludes that if his attorney had objected, the use of statements from non-testifying witnesses, co-conspirators, and informants would not have been used at sentencing. *Id.* at 18.

Once again, McDowell is challenging hearsay statements made during his sentencing hearing. McDowell's Confrontation Clause claim is foreclosed by controlling authority. *See Powell*, 650 F.3d at 393. An objection from McDowell's attorney would have been overruled; thus, McDowell has failed to sufficiently allege prejudice. Consequently, McDowell's sixth claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-85] is ALLOWED, and McDowell's Motion to Vacate [DE-78] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but

when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 28th day of September, 2016.

                                      *James C. Fox*
                                  JAMES C. FOX
                                  Senior United States District Judge