IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cr-00033-BO-1

| | |
|---|---|
| MICHAEL JERMAINE MCDOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause is before the court on petitioner's pending pro se motion for relief under coram nobis [D.E. 96] and his motions for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [D.E. 101, 105]. For the reasons discussed below, the court will deny these motions.

BACKGROUND:

On November 2, 2015, pursuant to a plea agreement, petitioner pleaded guilty to conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. See [D.E. 50, 51]. On February 17, 2016, petitioner was sentenced to 262 months' imprisonment and 5 years' supervised release. [D.E. 65, 71]. Petitioner did not appeal.

On June 10, 2016, petitioner moved pro se to vacate, set aside, or correct his sentence in a motion pursuant to 28 U.S.C. § 2255 alleging, among other things, ineffective assistance of counsel. See [D.E. 78]. On September 28, 2016, after consideration on the merits, the court denied the section 2255 motion, granted the Government's motion to dismiss, and denied a Certificate of Appealability ("COA"). See [D.E. 89]. Petitioner appealed [D.E. 91]. On April 4, 2017, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed the appeal [D.E. 94].

On April 28, 2017, petitioner filed a motion for relief under coram nobis seeking to vacate his sentence [D.E. 96]. Petitioner asserts he received ineffective assistance of counsel and relief under section 2255 is unavailable. See id. Petitioner subsequently asked the court to construe the motion pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") instead. See [D.E. 99].

On October 17, 2017, petitioner filed a separate motion pursuant to Rule 60(b)(6). See [D.E. 101]. Petitioner alleges the following: 1) the Government misled him regarding the impact of the pre-sentence investigation report on sentencing; 2) the Government failed to inform the court of the drug weight attributable to petitioner; and 3) his defense counsel was ineffective in failing to object to a sentence enhancement for petitioner's leadership role in the drug conspiracy. See id. at 2.

On November 7, 2017, respondent filed a response in opposition to petitioner's motion for relief under coram nobis arguing that petitioner did not satisfy the requirements for such relief. See Resp't Resp. Opp'n [D.E. 103]. On November 28, 2017, petitioner filed a reply again asserting that coram nobis and Rule 60(b) provide appropriate avenues for relief. See Pet'r Reply [D.E. 104].

On July 27, 2018, petitioner filed another motion under Rule 60(b)(6), this time asking the court to reconsider its denial of a COA in its September 28, 2016, order. See [D.E. 105].

## DISCUSSION:

A writ of error coram nobis is a "remedy of last resort" that is granted "only where an error is of the most fundamental character and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (internal quotation marks and citation omitted). To obtain coram nobis relief, a petitioner must show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error

2

is of the most fundamental character." Id. (internal quotation marks and citation omitted).

Here, because petitioner is still in federal custody and may seek relief under more usual remedies, such as a motion under section 2255, petitioner does not qualify for coram nobis relief. See Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013) (citing habeas corpus as the usual post-conviction remedy); see also In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)); In re Acevedo, 621 F. App'x 236 (4th Cir. 2015) (per curiam) (unpublished) (noting coram nobis "is also limited to petitioners who are no longer in custody pursuant to their conviction"); cf. Akinsade, 686 F.3d at 252 ("First, Akinsade cannot seek relief under the typical remedies for a direct or collateral attack of a federal judgment and sentence because he is no longer in custody." (citing 28 U.S.C. §§ 2255, 2241)). Accordingly, the court denies petitioner's motion for a writ of coram nobis [D.E. 96].

To the extent petitioner seeks to proceed in a motion pursuant to Federal Rule of Civil Procedure 60(b), see [D.E. 99, 101], this rule permits a district court to:

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, because the filings in question raise claims regarding ineffective assistance of counsel

3

and purported errors in sentencing proceedings, not the integrity of petitioner's prior habeas petition, this attempt to proceed under Rule 60(b) merely endeavors to avoid the Antiterrorism and Effective Death Penalty Act ("AEDPA") restrictions on section 2255 motions. See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005) (discussing the application of Rule 60(b) in habeas proceedings); United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition." (internal quotation and citation omitted)); United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003) (noting "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"). Thus, regardless of the label petitioner wishes to apply, the court will re-characterize these filings as a section 2255 motion. See Winestock, 340 F.3d 203 (noting a court should "classify pro se pleadings from prisoners according to their contents, without regard to their captions." (citation omitted)).

A prisoner cannot bring a "second or successive" section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Here, the court dismissed petitioner's previous section 2255 motion on the merits. See Order [D.E. 89]. Thus, because petitioner failed to receive prior authorization from the Fourth Circuit before filing the instant action, the court lacks jurisdiction to consider this "second or successive" section 2255 motion and must dismiss. See Winestock, 340 F.3d at 206 ("a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [section 2255 motion]"); cf. Slack v. McDaniel, 529 U.S. 473, 489 (2000) ("[A] habeas petition filed after an initial petition was

4

dismissed . . . without an adjudication on the merits is not a 'second or successive' petition.").

Petitioner also seeks reconsideration of the court's denial of a COA in its September 28, 2016, order. See Mot. [D.E. 105] (citing Fed. R. Civ. P. 60(b)(6)). This filing is a "true Rule 60(b) motion, and is not subject to the preauthorization requirement." McRae, 793 F.3d at 397. Nevertheless, the motion fails. Fourth Circuit already has determined petitioner failed to make the requisite showing for the issuance of a COA. See Order [D.E. 94]. Moreover, although petitioner attempts to rely on Buck v. Davis, 137 S. Ct. 759 (2017), the instant matter is substantially distinguishable from that fact-bound case. Succinctly stated, unlike in Buck, the petitioner here fails to establish any "extraordinary circumstances" warranting relief under Rule 60(b)(6). See Gonzalez, 545 U.S. at 535 (noting that a showing of "extraordinary circumstances" is required for individuals previously denied habeas relief to succeed in a Rule 60(b)(6) motion); Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016) ("[A] change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." (internal quotation marks and citation omitted)), cert. denied sub nom. Moses v. Thomas, 137 S. Ct. 1202 (2017).[1]

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack, 529 U.S. at 484.

---

[1] The court also presumes petitioner's July 27, 2018, motion under Rule 60(b) would be untimely. Petitioner filed the motion more than one year after the Supreme Court decided Buck (February 22, 2017), and well after this court's September 28, 2016, order denying a COA for his section 2255 motion. Petitioner gives no reason for this delay. See Moses, 815 F.3d at 166 (discussing the Rule 60(b) timeliness requirement); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010) (movants must meet four threshold requirements to proceed under Rule 60(b), to include timeliness and exceptional circumstances); McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1981) (the Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay.").

5

CONCLUSION:

For the reasons discussed above, the court:

(1) DENIES petitioner's motion seeking a writ of coram nobis [D.E. 96];

(2) DISMISSES WITHOUT PREJUDICE petitioner's Rule 60(b) motion [D.E. 101] as a "second or successive" section 2255 motion;

(3) DENIES petitioner's Rule 60(b) motion seeking reconsideration of that part of the court's prior order that denied a Certificate of Appealability [D.E. 105]; and

(4) DENIES a Certificate of Appealability in the instant action.

SO ORDERED. This _17_ day of October 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge