IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-33-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL JERMAINE MCDOWELL | ) | |

This cause comes before the Court on defendant's *pro se* motion requesting that the Court reconsider the previous order entered regarding petitioner's motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Also before the Court is a motion by appointed counsel for defendant to withdraw.

## DISCUSSION

Defendant, McDowell, is currently serving a sentence of 262 months' imprisonment following his plea of guilty to conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin. In June 2020, defendant requested that he be placed in home confinement or granted compassionate release due to the current COVID-19 pandemic. This Court denied defendant's motions by order entered September 21, 2020. On November 12, 2020, defendant filed the instant motion asking the Court to reconsider.

In his motion, defendant asserts that his court-appointed counsel informed him that the denial of his motion was based upon the Court's understanding that it did not have the authority to reduce or modify his sentence because he had only served approximately sixty months of a 262 month sentence. To clarify, this Court determined that it does not have the authority to place a defendant in home confinement pursuant to Section 12003(b)(2) of the CARES Act. The Court further held that the 18 U.S.C. § 3553(a) factors did not support defendant's release or a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), even if the Court were to

assume that he had properly exhausted his administrative remedy and demonstrated extraordinary and compelling circumstances.

Defendant now correctly argues that a court has authority to determine what constitutes an extraordinary and compelling circumstance for purposes of § 3582(c)(1)(A). *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). The holding in *McCoy* does not impact the Court's prior decision, however, as the Court did not conclude that defendant had failed to demonstrate extraordinary and compelling circumstances. Moreover, defendant fails to present any other argument which would persuade this Court that its prior decision should be reconsidered.

For example, the Court expressly considered defendant's good conduct while incarcerated when it denied his prior motions. Defendant also cites the disparity between his sentence and his co-defendant's, as well as others involved in his case. Review of defendant's presentence investigation report, however, reveals that defendant's sentence properly accounts for his criminal history and role in the offense.

In sum, defendant has not persuaded this Court that its prior decision was in error or should be reconsidered.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion requesting that the Court reconsider its previous order [DE 121] is DENIED. For good cause shown, appointed counsel's motion to withdraw [DE 122] is GRANTED.

SO ORDERED, this 26 day of January, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE