IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:15-CR-00033-M-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL JERMAINE MCDOWELL,<br><br>    Defendant. | ORDER |

This matter comes before the court on Defendant's pro se Motion for Compassionate Release [DE 153]. For the following reasons, the motion is denied.

## I.    Background

On November 2, 2015, Defendant pled guilty to conspiring to distribute and possess with the intent to distribute one kilogram or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *See* DE 50–51. On February 17, 2016, Senior United States District Judge James C. Fox sentenced Defendant to 262 months of imprisonment. *See* DE 71. As of this writing, Defendant's projected release date is October 11, 2032. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 8, 2026).

On February 3, 2025, Defendant filed what is now his third pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* DE 153. Through counsel, he submitted a memorandum in support. *See* DE 162. The thrust of his argument is that his mother's deteriorating health constitutes an extraordinary and compelling circumstance justifying his immediate release. *See generally* DE 153, 162. The United States filed a response in opposition,

*see* DE 164, and both parties moved to seal their respective memoranda. *See* DE 163, 166. In this posture, the motion is ripe for review.

## II.     Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate release once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason'

2

that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)); *see also United States v. Johnson*, 143 F.4th 212, 216 (4th Cir. 2025) (noting that "there is no exhaustive list as to what may be considered extraordinary and compelling" and that a district court may consider any reason so long as it is "similar in gravity" to those outlined in § 1B1.13(b)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021).

## III. Discussion

Based on the requirements of § 3582(c)(1)(A), Defendant's motion requires the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reasons exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors. The record reflects that Defendant exhausted his administrative remedies. *See* DE 162-2.

### A. Extraordinary and Compelling Circumstances

Defendant's principal argument is that extraordinary and compelling circumstances exist on account of his mother and maternal grandmother's deteriorating health and need for a caretaker. *See* DE 153 at 9–10; 162 at 1. As it pertains to his mother, Dianne Spears, he advises that she "is 74 years old and suffers from serious physical, mental, and cognitive health issues." DE 162 at 3.

3

She lives alone and has been diagnosed with "Type II diabetes, hypertension, chronic bilateral back pain, weakness in her lower extremities, gait abnormality, anxiety, and depression." *Id.* Additionally, she suffered two strokes in September and October of 2024. *Id.* Concerning the impact of the stroke, her physician wrote:

> [Ms. Spears] is homebound due to her stroke in September 2024 . . . Prior to the stroke she was vibrant and active and was driving. Since the stroke and prolonged hospitalization . . . her health has declined[,] and she needs assistance with activities of daily living. She can no longer drive, now relies on transportation services, and requires someone to accompany her. She uses a cane and walker interchangeably.

DE 162-4. Similarly, Defendant advises that his grandmother, Delores Williams, is a 90-year-old woman who is diagnosed with, among other things, heart disease and Alzheimer's. DE 153 at 10; *see also* DE 153-1 at 9. In a letter from her rehabilitation facility, a social worker writes that Ms. Willaims "currently uses a wheelchair," "needs assistance in maneuvering," and requires "assistance with all her activities of daily living . . . if she were to return to the community." DE 153-1 at 9.

The Guidelines counsel that familial circumstances can constitute an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13(b)(3). As relevant here, such circumstances exist upon "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." § 1B1.13(b)(3)(C). To determine whether a defendant's parent is incapacitated, other courts have looked to BOP Program Statement 5050.50, which defines incapacitation as "a serious injury, or a debilitating physical illness" which causes the spouse to become "completely disabled, meaning [they] cannot carry on any self-care and [are] totally confined to a bed or chair." *See United States v. Mahone*, No. 5:12-CR-37, 2025 WL 495376, at *4–5 (W.D. Va. Feb. 13, 2025) (recognizing that the Program Statement is not binding but looking to it for guidance); *United States v. Carter*, No. 19-20195, 2025 WL 28442, at *3 (E.D. Mich. Jan. 3, 2025) (same); *United States v. Smith*, No. 21-47, 2024 WL 3656187, at *5

4

(W.D. Ky. Aug. 5, 2024) (same). "Courts will generally 'decline[] to grant to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver." *United States v. Hodges*, No. 5:22-cr-00033-1, 2024 WL 5250528, at *3 (S.D. W. Va. Dec. 30, 2024) (quoting *United States v. Richardson*, No. 5:18-CR-507-FL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020)).

For purposes of this analysis, the court treats Ms. Williams as if she is incapacitated as contemplated by § 1B1.13(b)(3)(B). The court cannot find, however, that Ms. Spears meets the same stringent criteria because the record does not reflect that she is unable to "carry on any self-care" or is "confined to a bed or chair." *See* BOP Program Statement 5050.50 at 10. In a request for increased homecare services, her physician advised that she can walk with the help of a cane or walker and that she is able to use public transportation. *See* DE 162-4. So, while she "clearly has some limitations[] and would benefit from assistance," Defendant has not proffered evidence sufficient for the court to conclude that she is incapacitated. *See Mahone*, 2025 WL 495376, at *7.

Neither can the court conclude that Defendant is the only available caregiver for either Ms. Spears or Ms. Williams. First, it appears from a letter written by Ms. Spears that Ms. Williams is currently living in a nursing home. *See* DE 153-1 at 22. If that is still the case, Defendant has not met his burden in showing that he is Ms. Williams' only available caretaker. *See United States v. Turpin*, No. 6:06-cr-00025, 2025 WL 1150728, at *5 (W.D. Va. Apr. 17, 2025) (finding that a defendant was not the "*only* available caregiver" because his wife "was receiving care at a Lynchburg nursing home") (emphasis in original); *United States v. Huffman*, No. 2:19-cr-00163, 2024 WL 3046412, at *4 (S.D. W. Va. June 18, 2024) (denying a motion for compassionate release in part because the defendant indicated that his parents had "the option to enter a nursing home").

5

As for Ms. Spears, Defendant has not made "a robust evidentiary showing" that his four siblings are not available to assume caretaking responsibilities. *See Hodges*, 2024 WL 5250528, at *3. Ms. Spears advises that two of her daughters live out of state (New Jersey and Texas) and that they are unable to provide daily care for her in addition to taking care of their own families. *See* 153-1 at 22. A third daughter lives by herself but "works all the time trying to take care of herself." *Id.* And finally, Ms. Spears' youngest son, a marine veteran, is currently in college studying cybersecurity. *Id.* at 22–23. The court recognizes the hardship that caring for a family member creates, but Defendant's siblings are not unavailable to serve as a caregiver because it would be difficult for them to do so, or because they are presently unwilling. *See United States v. Ball*, No. 7:19-cr-000972025 WL 2713768, at *4 (W.D. Va. Sep. 23, 2025) ("Even if [Defendant's] sister is unwilling to help their mother, the law requires Ball to show that he is the 'only available' caregiver."); *United States v. Lynch*, No. 4:20-CR-00053-M, 2025 WL 1947790, at *3 (E.D.N.C. July 15, 2025) (noting that although several of the defendant's family members "refuse[d]" to assume custody of his child, "they are available for purposes of the First Step Act"). The family circumstances policy statement is designed to address those extraordinary circumstances where a defendant's spouse or family member truly has nowhere else to turn. This is not that case. Ms. Spears has four competent children and is receiving 27.5 hours of in-home care. *See* DE 162-4. With due respect for Ms. Spears' legitimate medical hardships, the court finds that Defendant has not demonstrated that his family circumstances constitute an extraordinary and compelling circumstance for compassionate release.

Next, Defendant argues that the length of his sentence is an extraordinary and compelling circumstance for a sentence reduction. DE 153 at 11. The applicable policy statement states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the

Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Except as provided for in subsection (b)(6), "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists[.]" § 1B1.13(c).

As a threshold matter, Defendant has served more than ten years of his sentence, and the court assumes without deciding that a 262-month sentence, under the present circumstances, is unusually long.[1] The court's analysis, therefore, focuses on whether Defendant has identified "a change in the law" and, if so, whether that change "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." *See* § 1B1.13(b)(6). "If Defendant fails to establish a change in the law *or* a gross disparity, his entire 'unusually long sentence' claim will fail." *United States v. Anderson*, No. 2:98-cr-143, 2025 WL 1644020, at *3 (E.D. Va. June 10, 2025).

Defendant has not made either showing. Defendant argues that because his 262-month sentence is significantly longer than the 76-month mean sentence for "drug trafficking" offenders,

---

[1] The Guidelines do not specify what makes a sentence unusually long, and "there is considerable uncertainty" among the district courts regarding how to make that determination. *United States v. Milton*, No. 5:95-cr-70074, 2025 WL 3171162, at *5 (W.D. Va. Nov. 13, 2025) (quotations omitted); *compare United States v. Howard*, No. ELH-13-0629, 2024 WL 112010, at *16 (D. Md. January 10, 2024) (finding that a 235-month sentence is unusually long because it is "significantly longer than the average of all sentences imposed nationwide in a given year"); *with United States v. Sanders*, No. 09-cr-40069-JPG, 2024 WL 3088556, at *2 (S.D. Ill. June 20, 2024) (finding that a 240-month sentence was not unusually long because it was not "abnormally longer than sentences for similar defendants"); *and United States v. Young*, No. 07-cr-00229-LKG, 2024 WL 4393235, at *3 (D. Md. Oct. 2, 2024) (assuming that a 444-month sentence is unusually long).

7

he has demonstrated an extraordinary and compelling circumstance. DE 153 at 11; *see also* United States Sentencing Commission, *Sourcebook of Federal Sentencing Statistics, Table 15: Sentence Imposed by Type of Crime, Fiscal Year 2019.* The court disagrees. First, Defendant has not identified a change in the law; indeed, if he were sentenced today, he would be subject to same statutory minimum and guideline range. *See* §§ 841(b)(1)(A), 846; U.S.S.G. § 2D1.1(c)(3). Second, and more fundamentally, he does not demonstrate a sentencing disparity merely because he received a higher sentence than the average drug trafficking offender in 2019. The average drug trafficking offender was not a leader and/or organizer in a conspiracy to distribute 19.1 kilograms of heroin. DE 59 at ¶ 8. And 85.8% of federal offenders had a lower criminal history category than Defendant. *See* DE 59 at ¶ 34; United States Sentencing Commission, *Sourcebook of Federal Sentencing Statistics, Figure 7, Criminal History Category of Federal Offenders, Fiscal Year 2019.* Defendant's sentence reflects the particular facts of his case and his criminal history. He has not, therefore, demonstrated an extraordinary and compelling circumstance based on his sentence.

Defendant failed to present extraordinary and compelling reasons for a reduced sentence, so he is not entitled to relief. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court declines to address the relevant § 3553(a) factors.

## IV. Conclusion

For these reasons, Defendant's pro se Motion for Compassionate Release [DE 153] is DENIED. The parties' respective motions to seal their memoranda [DE 163, 166] are GRANTED. The Clerk is DIRECTED to maintain those filings and any associated attachments under seal until

further order of the court.

SO ORDERED this ___18th___ day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

9